IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEN CLARK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MORINDA PROPERTIES ESCALA LODGES, LC, a Utah limited liability company; U.S. BANK NATIONAL ASSOCIATION; SILVERADO DEVELOPMENT INC. d/b/a SDI PROPERTIES; KERRY ASAY, an individual; KIM ASAY, an individual; JOHN WADSWORTH, an individual; WAYNE TURNER, an individual; DONALD E. MULLEN, an individual; EXTREME HOLDING, LLC d/b/a PRUDENTIAL UTAH REAL ESTATE, a Utah limited liability company; DOES 1-20,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Case No. 2:09-CV-136-TS |

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, Cross Motion for Partial Summary Judgment by Defendants Morinda Properties Escala Lodges, LC ("Morinda"), Silverado Development, Inc., Kerry Asay, Kim Asay, John Wadsworth, and Wayne Turner ("Defendants"), and Defendants' Motions to Strike.[1]

For the reasons set forth below, the Court will deny Plaintiff's Motion for Partial Summary Judgment and grant Defendants' Cross Motion for Partial Summary Judgment. Consequently, Defendants' Motions to Strike is moot.

## II. BACKGROUND

Plaintiff Ken Clark brings four causes of action, two alleging breach of contract and two alleging violations of the Utah Consumer and Land Sales Practices Acts. The present Motions address only the breach of contract claims.

Both Plaintiff and Defendants move for partial summary judgment on Plaintiff's cause of action for breach of contract, while Plaintiff also moves for U.S. Bank to be required to refund Plaintiff's deposit if he prevails on the breach of contract claim. Plaintiff argues that Defendants breached the terms of the purchase contract by failing to achieve substantial completion by September 30, 2008, while Defendants counter that substantial completion was achieved on September 16, 2008.

---

[1] Donald E. Mullen, Extreme Holding, LLC, and U.S. Bank are the other Defendants in this case. Defendant U.S. Bank has filed a separate Motion for Summary Judgment and has not joined in the Cross Motion for Partial Summary Judgment. While Plaintiff's allegations are also against Defendants Mullen and Extreme Holding L.L.C., they are represented by other counsel and did not join in the Cross Motion for Partial Summary Judgment or Motion to Strike.

The following facts are undisputed. In June 2005, Plaintiff signed a Real Estate Purchase Contract ("REPC") for the purchase of a condominium at Escala Lodges in Park City that was to be constructed by Defendant Morinda. Plaintiff deposited $120,300 in connection with the purchase of this unit. The REPC originally stated that the condominium would be substantially completed within twenty-six months of acceptance, which was later extended another thirteen months to September 30, 2008, by a mutually-agreed-upon addendum. The REPC defined "substantial completion" in paragraph 11, which reads: "The Condominium Unit shall be considered 'Substantially Complete' when a temporary or permanent certificate of occupancy for the Condominium Unit has been issued by Summit County."[2]

On September 16, 2008, a Summit County Building Inspector issued a document entitled "Summit County Compliance Inspection Report" that stated "TCO (Temporary C/O) approval for:" and then listed, among other units, the unit Plaintiff had contracted to purchase.[3] This document also stated that the "TCO" applied only to residential rooms, was approved for a period of ninety days, and could be "revoked by Building Official or Fire Marshal for cause."[4] It concluded by stating, "TCO Approved on Basis of Above Agreed Contingencies."[5] This document will be referred to as "the TCO."[6]

---

[2] Docket No. 31, Ex. A ¶ 11.

[3] *Id*. Ex. G.

[4] *Id.*

[5] *Id.*

[6] Plaintiff and Plaintiff's witness Mr. Sargent primarily refer to this document as a "purported TCO."

After being issued this document, Defendant Morinda notified Plaintiff that it had received a temporary certificate of occupancy for the unit, that the unit was substantially complete, and that Plaintiff was required to close within fourteen days. On October 3, 2008, Plaintiff notified Morinda of its desire to terminate the REPC. Morinda responded on October 9, 2008, stating that the REPC remained enforceable and that Plaintiff was obligated to close. Morinda was issued a certificate of occupancy, the validity of which is not disputed, on December 16, 2008. The parties' dispute relates to whether Morinda achieved substantial completion before the September 30, 2008, deadline.

### III. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[7] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[8] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[9] Once a motion for summary judgment is properly made and supported, "an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there

---

[7] FED. R. CIV. P. 56(c).

[8] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

4

is a genuine issue for trial, if he does not so respond, summary judgment, if appropriate, shall be entered against him."[10]

### IV. DISCUSSION

#### A. Motions to Strike

Defendants' Motions to Strike the original and supplemental Declarations of Mr. Sargent[11] are implicated by the Court's ruling on the Cross Motions for Partial Summary Judgment. Defendants argue that these Declarations should be stricken because they largely consistent of "unsupported and inadmissible opinion testimony"[12] and "conclusions of law."[13] As is discussed below, Plaintiff's Motion for Partial Summary Judgment and Response to Defendant's Cross Motion for Partial Summary Judgment rely heavily upon the statements made by Mr. Sargent and striking his Declarations would cripple Plaintiff's arguments. However, even without striking the Sargent Declarations, the undisputed evidence supports Defendants' Cross Motion for Partial Summary Judgment, making it unnecessary for the Court to rule on the Motions to Strike.

#### B. Cross Motions for Partial Summary Judgment

The dispute currently before the Court is over whether Defendant Morinda achieved substantial completion prior to the required deadline. Defendants argue that Defendant Morinda

---

[10] FED. R. CIV. P. 56(e)(2).

[11] Docket No. 44; Docket No. 60.

[12] Docket No. 45, at 2.

[13] Docket No. 61, at 2; *see also id.* at 3, 4 (stating that, with regard to the Supplemental Declaration, "Sargent continues to opine on the law and draw legal conclusions").

5

was issued temporary certificate of occupancy by a Summit County Building Inspector on September 16, 2008, and thereby met the requirements for substantial completion under paragraph 11 of the REPC.[14] This certificate was never revoked and there is no evidence that it was issued in bad faith.

Plaintiff argues that substantial completion was not achieved because Summit County did not issue a valid certificate of occupancy prior to the completion deadline.[15] Plaintiff also argues that the "purported temporary certificate of occupancy . . . . was not issued by Summit County," "was issued improperly, was totally invalid, and did not evidence that substantial completion had been timely achieved by Morinda."[16]

Plaintiff's argument relies on the testimony of the Summit County Community Development Director, Mr. Sargent. He supervises the chief building official who employs the building inspector that issued the TCO.[17] In addition to the statements discussed below, on February 2, 2009, Mr. Sargent signed a declaration opining that the TCO issued September 16, 2008, was invalid. However, as noted above, the TCO had already expired and a certificate of occupancy whose validity has not been disputed had already been issued in December 2009.

---

[14] Docket No. 31, Ex. A ¶ 11 (stating that "The Condominium Unit shall be considered 'Substantially Complete' when a temporary or permanent certificate of occupancy for the Condominium Unit has been issued by Summit County.").

[15] *See* Docket No. 50, at 3–5.

[16] *Id.* at 2.

[17] Docket No. 53, at 1, 4.

Mr. Sargent has two declarations on file with the Court.[18] Plaintiff relies on Mr. Sargent's assertions that no valid certificate of occupancy was properly issued in September 2008.[19] "Rather, the TCOs issued in September were merely 'one step in the approval process for a certificate of occupancy.'"[20] Mr. Sargent stated that "certificates of occupancy" should not be issued under the provisions of the Snyderville Basin Development Code unless "[t]he structure has been constructed in compliance with all applicable provisions of this title and the development permit granting approval thereof, the international building code, the international fire code, and/or other applicable ordinances related to the construction and occupancy of the structure."[21] Mr. Sargent also stated, without citing any accompanying law, that this determination "necessarily requires the approval of the Planning Department, Fire Department, and others."[22] Mr. Sargent further stated that, because the TCO was not "approved by the Summit County Planning Department, Fire Department, Water Department, or Water Reclamation, [it] did not satisfy the requirement for issuance of a certificate of occupancy within The Canyons SPA."[23] Finally, Mr. Sargent stated, once again with no citation, that "it is a

---

[18] Sargent Declaration, Docket No. 31, Ex. E; Supplemental Sargent Declaration, Docket No. 53.

[19] Docket No. 50 (citing Supplemental Sargent Declaration, Docket No. 53 ¶¶ 19, 21, 23, 24, 25).

[20] *Id.* (citing Supplemental Sargent Declaration, Docket No. 53 ¶ 23).

[21] Supplemental Sargent Declaration, Docket No. 53 ¶ 17 (citing Docket No. 53, Ex. J, § 10-3-20(I)).

[22] *Id.*

[23] *Id.* ¶ 21.

7

requirement of and the general practice under The Canyons SPA Development Agreement to obtain the Resort Village Management Association approval and sign off before issuance of a certificate of occupancy."[24]

As Defendants note, Plaintiff's argument that the TCO is invalid because it does not meet Mr. Sargent's requirements is deficient. Plaintiff cites Mr. Sargent's statement that the TCO "did not satisfy the requirements for the issuance of a certificate of occupancy"[25] and then further states that "[n]o Certificate of Occupancy supported by all required approvals was properly issued in September 2008."[26] However, these statements all relate to the requirements to obtain a certificate of occupancy, which Defendants acknowledge was not issued until December. The issue in this case is whether a *temporary* certificate of occupancy was issued prior to the deadline, as this is sufficient for substantial completion.[27]

Plaintiff defends the Sargent Declarations by stating that certificates of occupancy have one standard, as the Snyderville Basin Development Code does not make a distinction between temporary and permanent certificates.[28] However, Mr. Sargent stated in his declaration that "the

---

[24]*Id.* ¶ 18.

[25]Docket No. 31 ¶ 14.

[26]*Id.* ¶ 16.

[27]*See also* Docket No. 40, at 18 (Defendants noting that "Sargent's carefully worded Declaration is directed only at the rules for obtaining a 'certificate of occupancy,' not a TCO. Certainly in the instant case, all that is at issue is the TCO obtained on September 16, 2008, not the certificate of occupancy, which has not been challenged and was obtained on December 16, 2008. Plaintiff, however, is attempting to take the Sargent Declarations out of context and argue its applicability to the issuance of TCOs.") (citation omitted).

[28]Docket No. 50, at 7.

8

TCOs issued in September" were "one step in the required approval process for a certificate of occupancy."[29] This clearly establishes that there is a distinction between temporary and permanent certificates of occupancy.

Furthermore, the International Building Code ("IBC"), which has been adopted by Summit County,[30] allows temporary certificates of occupancy, stating that "[t]he building official is authorized to issue a temporary certificate of occupancy before the completion of the entire work covered by the permit, provided that such portion or portions shall be occupied safely."[31]

In addition to these weaknesses in Plaintiff's argument, both Plaintiff and Mr. Sargent indirectly concede that a temporary certificate of occupancy for the unit was issued in September. Mr. Sargent concedes that "a 'Temporary Certificate of Occupancy' . . . was issued by a building inspector from the Summit County Building Department," but qualified this fact by stating that the inspector "was unaware of the requirement of written approval by the Summit County Planning Department."[32] Plaintiff also argues that the building inspector "[did] not have the authority to issue a certificate of occupancy."[33]

However, even if this temporary certificate of occupancy was issued in error, it was issued by a building inspector who, under the IBC, "is authorized to issue a temporary certificate

---

[29] Docket No. 53 ¶ 23.

[30] Summit County Code § 9-1-1 (2008).

[31] International Building Code, Docket No. 40, Ex. 1 § 110.3.

[32] Sargent Declaration, Docket No. 31, Ex. E ¶ 9.

[33] Docket No. 50, at 4.

9

of occupancy."[34] Plaintiff has not cited any local law or ordinance taking this authority away from building inspectors. Finally, this temporary certificate of occupancy was not revoked by the inspector or the County before the permanent certificate of occupancy was issued.

Mr. Sargent further acknowledged that a temporary certificate was issued when he stated that "*the TCOs issued in September* by the Summit County Building Department represented a conditional approval by only the Summit County Building Department."[35] Plaintiff also cites this same language,[36] and has never argued that the temporary certificate was issued in bad faith. Labeling the document a "purported TCO" does not make it so.

Because a temporary certificate of occupancy was issued within the time specified in the contract and the contract expressly states that a temporary certificate of occupancy fulfills the "substantially complete" requirement, the Court finds that Defendants met their obligations and that their Motion for Partial Summary Judgment is appropriate.

## V. CONCLUSION

Defendants have met their burden of showing that there are no disputed issues of material fact relating to whether substantial completion, as evidenced by the issuance of a temporary certificate of occupancy, was achieved prior to the deadline. Therefore, as a matter of law, they are entitled to partial summary judgment on the breach of contract claims.

---

[34]International Building Code, Docket No. 40, Ex. 1 § 110.3.

[35]*Id.* ¶ 11 (emphasis added); Supplemental Sargent Declaration, Docket No. 53 ¶ 17 (containing the same statement).

[36]Docket No. 31, at 5; Docket No. 50, at 3.

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 30) is DENIED. It is further

ORDERED that Defendants' Cross Motion for Partial Summary Judgment (Docket No. 39) is GRANTED. It is further

ORDERED that Defendants' Motions to Strike (Docket Nos. 44 & 60) are DENIED AS MOOT.

DATED   May 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge