IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEN CLARK, an individual,<br><br>　　Plaintiff,<br><br>vs.<br><br>MORINDA PROPERTIES ESCALA LODGES, LC, a Utah limited liability company; U.S. BANK NATIONAL ASSOCIATION; SILVERADO DEVELOPMENT INC. d/b/a SDI PROPERTIES; KERRY ASAY, an individual; KIM ASAY, an individual; JOHN WADSWORTH, an individual; WAYNE TURNER, an individual; DONALD E. MULLEN, an individual; EXTREME HOLDING, LLC d/b/a PRUDENTIAL UTAH REAL ESTATE, a Utah limited liability company; DOES 1-20,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT U.S. BANK'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:09-CV-136-TS |

## I. INTRODUCTION

This matter is before the Court on Defendant U.S. Bank's Motion for Summary Judgment. For the reasons set forth below, the Court will grant the Motion.

1

## II. BACKGROUND

The following facts are undisputed. In June 2005, Plaintiff signed a Real Estate Purchase Contract ("REPC") for the purchase of a condominium at Escala Lodges in Park City. This unit was to be constructed by Defendant Morinda Properties Escala Lodges, LC ("Morinda"). Plaintiff deposited a total of $120,300 in connection with the purchase of this unit, $46,254.17 of which was held by U.S. Bank. The REPC stated that, once certain conditions were met, Plaintiff's deposits became "totally non-refundable to buyer."[1] Because these conditions were met soon after closing, Plaintiff's deposits became non-refundable under the terms of the contract.[2]

To finance construction of these units, Defendant Morinda entered into a loan agreement with Defendant U.S. Bank in October 2005.[3] As a security for this loan, Defendant Morinda executed a Construction Loan Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing ("Trust Deed"). The Trust Deed granted Defendant U.S. Bank, as a secured party, a security interest in certain described real and personal property,[4] including:

> (a) '[a]ll right, title, interest and estate' of Defendant Morinda in and to certain categories of contracts, including those 'relating to the installation, construction or demolition of any of the Improvements' and those 'for marketing, leasing, advertising, use, or sale of the Improvements' and (b) '[a]ll now existing or hereafter acquired chattel paper, account, deposit account, payment intangibles,

---

[1] Docket No. 3, Ex. A ¶ 2.4

[2] *Id.* ¶ 8.3.3 (stating that deposits become non-refundable as soon as they are delivered to the brokerage).

[3] *Id.* at 6.

[4] Docket No. 31, Ex. J, Recital C.

letter of credit rights, supporting obligations, good will and other intangible personal property owned by [Morinda] and pertaining to the Property or the Improvements.'[5]

As additional security for this loan, Defendant Morinda deposited funds relating to purchase contracts for condominium units into a U.S. Bank "control account."[6] This account contained, among other funds, $46,254.17 relating to a deposit by Plaintiff under the REPC.[7] This deposit had already become non-refundable.[8]

Defendant U.S. Bank was not involved in the marketing and sales efforts that resulted in Plaintiff entering into the REPC[9] and did not enter into the loan agreement with Defendant Morinda until four months after the REPC was signed.

### III. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[10] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[11] The Court is

---

[5] Docket No. 36, at 7 (citing Docket No. 31, Ex. J, at 2, 4).

[6] *Id*. at 8.

[7] *Id*.

[8] *See supra* notes 1–2.

[9] Docket No. 36, at 8.

[10] FED. R. CIV. P. 56(c).

[11] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

3

required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[12]

Once a motion for summary judgment is properly made and supported, "an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial, if he does not so respond, summary judgment, if appropriate, shall be entered against him."[13] If the adverse party does not respond, "[a]ll material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment."[14]

## IV. DISCUSSION

Two of Plaintiff Ken Clark's four causes of action are against Defendant U.S. Bank. Plaintiff first alleges that he is entitled to recover from Defendant U.S. Bank for Defendant Morinda's alleged breach of the REPC. Plaintiff's second claim against Defendant U.S. Bank relates to an alleged violation of the Utah Uniform Land Sales Practices Act ("ULSPA"). Defendant U.S. Bank filed a Motion for Summary Judgment on both claims. Plaintiff did not respond to this Motion.

### A. Claim for Breach of Contract

Plaintiff first alleges that Defendant U.S. Bank, by virtue of holding some of Plaintiff's

---

[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[13] FED. R. CIV. P. 56(e)(2).

[14] DUCivR 56-1(c) (Dec. 2009).

4

deposit in connection with the REPC, is bound by the terms of the REPC. Plaintiff further alleges that Defendant Morinda breached the REPC, leaving Plaintiff entitled to recover from U.S. Bank. However, the Court previously ordered summary judgment on Plaintiff's claim for breach of contract against Morinda, leaving Plaintiff with no claim for breach of contract against Defendant U.S. Bank. Furthermore, even without the prior ruling, Defendant U.S. Bank would still be entitled to summary judgment on this claim for the following reasons.

First, the undisputed facts show that there was no contractual relationship between Plaintiff and Defendant U.S. Bank. Defendant U.S. Bank argues that the REPC was not among the contracts given by Defendant Morinda as security under the loan agreement.[15] However, the Court need not determine whether the REPC was included as a security, as the Trust Deed granted a security interest in only Defendant Morinda's *rights* under the specified contracts to Defendant U.S. Bank; not its obligations.[16]

This transfer of rights is insufficient to create a contractual relationship between Plaintiff and Defendant U.S. Bank. "Absent an assumption of liability . . . [the transfer of the rights under] a contract does not impose on the assignee the assignor's duties or liabilities under the contract."[17] Utah State Law also states that "[t]he existence of a security interest . . . given to a debtor to dispose of or use collateral, without more, does not subject a secured party to liability in

---

[15] Docket No. 36, at 10.

[16] Docket No. 31, Ex. J, at 2.

[17] *Winegar v. Froerer Corp.*, 813 P.3d 104, 107 (Utah 1991).

contract or tort for the debtor's acts or omissions."[18] Because the Trust Deed conveyed only a security interest in Morinda's rights, this Court finds no contractual relationship between Plaintiff and U.S. Bank, and therefore, no breach of contract by U.S. Bank.

Plaintiff also refers to funds in the U.S. Bank control account as if they were his own, alleging that Defendant U.S. Bank has a duty to return them.[19] However, under the REPC, Plaintiff's deposits on the unit had already become non-refundable,[20] leaving Plaintiff with only "a general unsecured claim for monetary damages against Morinda for the amounts [Plaintiff] deposited."[21]

### B. Claim for Violation of the ULSPA

As the Court has already ordered summary judgment on the breach of contract claim, the only remaining claim against Defendant U.S. Bank relates to its possible liability for the alleged violation of the ULSPA. Plaintiff does not allege that Defendant U.S. Bank violated the terms of the Act directly, but that they were violated by Defendant Morinda. Plaintiff argues that this violation of the Act voided the REPC *ab initio*, thereby requiring Defendant U.S. Bank to return Plaintiff's deposit.[22]

---

[18]UTAH CODE ANN. 1953 § 70A-9a-402.

[19]Plaintiff's Complaint, Docket No. 3, at 6, 8.

[20]Docket No. 3, Ex. A ¶ 2.4; *see also* Docket No. 36, at 5–6 (Defendant U.S. Bank's statement of undisputed facts, which were uncontroverted by Plaintiff, explaining the conditions under which and dates by when Plaintiff's deposits became non-refundable under the REPC).

[21]Docket No. 36, at 4.

[22]Docket No. 3, Ex. A, at 8.

Summary judgment on this claim is appropriate because, even if the Act was violated by sale of the unit, the contract would not become void *ab initio*. The ULSPA allows civil remedies for violations of the Act, none of which would void the contract.[23] Furthermore, none of these remedies would apply to a party, such as Defendant U.S. Bank, that is not or does not control a subdivider of the land sold.[24]

## V. Conclusion

It is therefore

ORDERED that Defendant U.S. Bank's Motion for Summary Judgment (Docket No. 35) is GRANTED.

DATED   May 18, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] UTAH CODE ANN. 1953 § 57-11-17.

[24] *See id.* at (1)(a), (3) (setting forth who is liable for civil penalties under the ULSPA).